**Juan Jose SANDOVAL–CRESPO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–73790.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 23, 2009.\*

Filed March 9, 2009.

R.App. P. 34(a)(2).

Juan Jose Sandoval–Crespo, El Monte, CA, pro se.

U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: KOZINSKI, Chief Judge, HAWKINS and GOULD, Circuit Judges.

### MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order de-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

nying petitioner's third motion to reopen removal proceedings and third motion to reconsider.

The petition for review was timely filed with this court. *See* 8 U.S.C. § 1252(b)(1). Accordingly, the court's September 30, 2008 order to show cause is discharged.

The motion to proceed in forma pauperis is granted. The Clerk shall amend the docket to reflect this status.

We review the BIA's ruling on a motion to reopen and a motion to reconsider for abuse of discretion. *Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir.2008), *Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004).

■ An alien who is subject to a final order of removal is limited to filing one motion to reopen and one motion to reconsider. A motion to reopen must be filed within 90 days of the date of entry of a final order of removal, and a motion to reconsider must be filed within 30 days of the entry of the final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(b)(2), (c)(2). Because petitioner's motions were petitioner's third such motions, and because the motions were filed beyond the deadlines, the BIA did not abuse its discretion in denying petitioner's motions as untimely and numerically barred. *See id.* Moreover, the BIA did not abuse its discretion in determining that petitioner failed to allege any circumstances that would justify equitable tolling of the time and numerical bars to motions to reopen and reconsider. *See Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir. 2003).

Accordingly, respondent's motion for summary disposition is granted because

the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

 To the extent petitioner challenges the BIA's decision declining to exercise its *sua sponte* authority to reopen and reconsider, we lack jurisdiction. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002).

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.